FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 24, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW W., | NO: 2:19-CV-226-FVS |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 13, 18. This matter was submitted for consideration without oral argument. The Plaintiff is represented by Attorney Christopher H. Dellert. The Defendant is represented by Special Assistant United States Attorney Lisa Goldoftas. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS** Defendant's Motion for Summary Judgment, ECF No. 18, and **DENIES** Plaintiff's Motion for Summary Judgment, ECF No. 13.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

### JURISDICTION

Plaintiff Andrew W.[1] filed for disability insurance benefits (DIB) on

February 11, 2016, Tr. 135, alleging an onset date of March 1, 2013, Tr. 302,[2] due

to thoracic outlet syndrome, bilateral carpal tunnel syndrome, sleep apnea,

fibromyalgia, Hashimoto disease, anxiety, depression, psychosomatic induced

pain, spinal stenosis, and chronic fatigue, Tr. 348.  Benefits were denied initially,

Tr. 166-72, and upon reconsideration, Tr. 174-79.  A hearing before administrative

law judge Caroline Siderius ("ALJ") was conducted on November 3, 2017.  Tr. 39-

83.  Plaintiff was represented by counsel and testified at the hearing.  *Id*.  The ALJ

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first

name and last initial, and, subsequently, Plaintiff's first name only, throughout this

decision.

[2] Plaintiff had previously applied for DIB on September 24, 2014, Tr. 125, alleging

a disability onset date of March 1, 2013, Tr. 297.  This application was initially

denied on July 1, 2015.  Tr. 160-62.  Plaintiff did not appeal the denial.  The ALJ's

current decision is for the period of March 1, 2013 through Plaintiff's date last

insured.  Tr. 15-30.  The Court finds that by making a determination of disability

pertaining to the period of time at issue in the prior September 2014 application,

the ALJ de facto reopened the prior adjudication.  *See Lewis v. Apfel*, 236 F.3d

503, 510 (9th Cir. 2001).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

also took the testimony of medical expert Judy L. Panek, M.D. *Id*. A

supplemental hearing was held on May 22, 2018, and the ALJ took the testimony

of Plaintiff, psychological expert Nancy Winfrey Ph.D., and vocational expert

Jeffrey Tittelfitz. Tr. 84-124. The ALJ denied benefits on August 13, 2018. Tr.

15-30. The Appeals Council denied review on August 26, 2019. Tr. 1-5. The

matter is now before this court pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and

transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.

Only the most pertinent facts are summarized here.

Plaintiff was 41 years old at the alleged onset date. Tr. 302. He graduated

from high school and completed an associate's degree. Tr. 349, 1048-49, 1594.

Plaintiff has worked as an architectural model maker, retail clerk, soldier,

substitute teacher, and tour guide. Tr. 350. At application, he stated that he

stopped working on March 1, 2013, due to his conditions. Tr. 349.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

limited; the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. §§ 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience.  20 C.F.R. § 404.1520(a)(4)(v).  If the claimant is capable of

adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Initially, the ALJ identified Plaintiff's date last insured for DIB purposes to be September 30, 2017. Tr. 17. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from March 1, 2013, the alleged onset date to the date last insured. Tr. 17. At step two, the ALJ found that Plaintiff had the following severe impairments through the date last insured: thoracic outlet syndrome; sleep apnea; cervical spine degenerative arthritis; degenerative joint disease bilateral shoulders; anxiety; and posttraumatic stress disorder (PTSD). Tr. 17-18. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment through the date last insured. Tr. 19. The ALJ then found that

Plaintiff had the RFC to perform light work as defined in 20 CFR § 404.1567(b)

through the date last insured with the following limitations:

> except the claimant can stand/walk up to 4/8 hours; needs to change
> position occasionally at the workstation; can occasionally use upper
> extremities to reach above shoulder level; can occasionally crouch and
> kneel; can occasionally climb stairs and ramps but never climb ladders,
> ropes or scaffolds; can occasionally balance, stoop, crouch, and crawl;
> should avoid concentrated exposure to extreme cold and heat; should
> avoid operation of heavy equipment and vibrating machinery; can do
> simple, routine tasks; should have no more than ordinary production
> requirements; should do no fast paced type work; can handle low stress
> environments; and can have superficial contact with the general public
> and coworkers.

Tr. 20.

At step four, the ALJ found that Plaintiff was unable to perform any past

relevant work through the date last insured.  Tr. 28.  At step five, the ALJ found

that considering Plaintiff's age, education, work experience, and RFC, there were

other jobs that exist in significant numbers in the national economy that Plaintiff

could perform through the date last insured, including: small products assembler,

electronics worker, and marker II.  Tr. 29.  On that basis, the ALJ concluded that

Plaintiff was not under a disability, as defined in the Social Security Act, from

March 1, 2013, the alleged onset date, through September 30, 2017, the date last

insured.  Tr. 30.

/ / /

/ / /

/ / /

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act. ECF No. 13. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered Plaintiff's alleged somatoform disorder at step two; and

2. Whether the ALJ properly considered the medical opinion evidence.

## DISCUSSION

**1.    Step Two**

Plaintiff challenges the ALJ's step two determination by asserting that she failed to address somatoform disorder. ECF No. 13 at 5-12.

To show a severe impairment, the claimant must first establish the existence of a medically determinable impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521. "[O]nce a claimant has shown that he suffers from a medically determinable impairment, he next has the burden of proving that these impairments and their symptoms affect his ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001). At step two, the burden of proof is squarely on the Plaintiff to establish the existence of any medically determinable impairment(s) and that such

impairments(s) are severe. *Tackett*, 180 F.3d at 1098-99 (in steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.).

The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b).

The ALJ identified Plaintiff's severe impairments as thoracic outlet syndrome, sleep apnea, cervical spine degenerative arthritis, degenerative joint disease bilateral shoulders, anxiety, and PTSD. Tr. 17-18. The ALJ addressed Plaintiff's hypothyroidism and carpal tunnel syndrome and found them to be nonsevere. Tr. 18. The ALJ also addressed Plaintiff's alleged fibromyalgia and chronic fatigue syndrome and found them to not be medically determinable. *Id*. The ALJ did not discuss somatoform disorder when addressing step two. *Id*.

Plaintiff points to evidence in the record discussing the relationship between Plaintiff's stress and an increase in pain complaints and relies on *Webb* for his position that the ALJ should have found somatoform disorder to be severe at step two. ECF No. 13 at 5-9. However, the facts of *Webb* are substantially different from this case. In *Webb*, the ALJ dismissed Plaintiff's claim at step two. 433 F.3d at 686. Also, in *Webb* the ALJ did not use an impartial medical expert. *Id*. at 685.

In contrast, in this case the ALJ addressed all five steps after further developing the record to specifically address Plaintiff's psychological impairments.  At the first hearing, the ALJ found that a second psychological consultative evaluation was necessary, and sent Plaintiff for an additional psychological evaluation to specifically address Plaintiff's ability to deal with stress.  Tr. 79.  Plaintiff was referred to Patrick Metoyer, Ph.D., a clinical psychologist, and additional testing was completed.  Tr. 1589-96.  The ALJ then took the testimony of Nancy Winfrey, Ph.D., a licensed psychologist, at the second hearing.  Tr. 88-94, 1615.

The Ninth Circuit has recently reiterated its holding that step two is a screening tool:

> Step two is merely a threshold determination meant to screen out weak claims.  *Bowen v. Yuckert*, 482 U.S. 137, 146-47, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).  It is not meant to identify the impairments that should be taken into account when determining the RFC.  In fact, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996).  The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered "severe" or not.

*Buck v. Berryhill*, 869 F.3d 0140, 1048-49 (9th Cir. 2017).  Here, the ALJ discussed the diagnosis of somatization disorder when making the RFC determination: "There was also mention of somatization disorder in the record but Dr. Winfrey found the diagnosis to be poorly supported."  Tr. 22.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

Step two was decided in Plaintiff's favor following two hearings, sending Plaintiff for additional testing, and taking the testimony of a psychological expert. Additionally, the ALJ addressed the somatization disorder diagnosis when discussing the RFC determination.  Therefore, Plaintiff could not have been prejudiced as any alleged error is harmless and cannot be a basis for remand. *Buck*, 869 F.3d 1049.  The Court will not disturb the ALJ's step two determination.

**2.    Medical Opinions**

Plaintiff argues that the ALJ failed to provide legally sufficient reasons for rejecting the marked limitations opined by Patrick Metoyer, Ph.D.  ECF No. 13 at 12-16.

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).  Social Security Ruling (S.S.R.) 96-8p states that the RFC assessment "must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."

On December 10, 2017, Plaintiff was evaluated by Dr. Metoyer, who also completed a Medical Source Statement form for Social Security.  Tr. 1589-96.  Dr. Metoyer diagnosed Plaintiff with PTSD, Trichotillomania, and depressive disorder. Tr. 1596.  He opined that Plaintiff had no marked limitations on the Medical Source Statement form.  Tr. 1589-90.  However, in the narrative functional assessment contained in the evaluation notes, Dr. Metoyer stated that Plaintiff's "ability to deal with the usual stress encountered in the work place is markedly impaired if it involves persistent activity, complex tasks, task pressure, interacting with other individuals."  Tr. 1596.  The ALJ gave Dr. Metoyer's opinion "great weight" and provided the following statement in regards to the marked limitation in handling stress:

> While Dr. Metoyer found a marked impairment in dealing with usual stress in the workplace under certain conditions, the above residual functional capacity assessment addresses this issue, except it is unclear what is meant by "persistent activity" and Dr. Metoyer does not explain. For example, taking care of a household can be "persistent activity" and the claimant reportedly does this.

Tr. 26.  Plaintiff asserts that this statement amounts to a rejection of Dr. Metoyer's opined marked limitation and asserts that the ALJ failed to provide specific and legitimate reasons for the rejection.  ECF No. 13 at 19.

The ALJ did not reject the portion of Dr. Metoyer's opinion regarding Plaintiff's ability to handle stress.  The RFC determination addressed Plaintiff's ability to handle stress: "can do simple, routine tasks; should have no more than ordinary production requirements; should do no fast paced type work; can handle

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

low stress environments; and can have superficial contact with the general public and coworkers." Tr. 20. Here, the ALJ acknowledged the ambiguity created by Dr. Metoyer's narrative functional assessment and attempted to remedy the ambiguity. The ALJ is responsible for resolving conflicts in medical testimony and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The term marked on the Medical Source Statement form is defined as "[t]here is serious limitation in the area. There is a substantial loss in the ability to effectively function." Tr. 1589. The term is undefined in regards to its use on Dr. Metoyer's narrative functional assessment. Tr. 1596. The term marked does not correlate with a specific workplace limitation, such as the terms frequent and occasional, *See* S.S.R. 83-10 ("'Frequent' means occurring from one-third to two-thirds of the time," and "'Occasionally' means occurring from very little up to one-third of the time."). Therefore, the RFC represents the ALJ's interpretation of Dr. Metoyer's opinion, and the Court will not disturb her determination.

## CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098. To the contrary, a reviewing court must defer to an ALJ's assessment so long as it is supported by substantial evidence. 42 U.S.C. § 405(g). As discussed in detail above, the ALJ did not err in her step two and RFC determinations. After review, the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

2.  Defendant's Motion for Summary Judgment, **ECF No. 18**, is

    **GRANTED**.

The District Court Executive is hereby directed to enter this Order and

provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE**

the file.

**DATED** July 24, 2020.


          *s/ Rosanna Malouf Peterson*
         ROSANNA MALOUF PETERSON
          United States District Judge